IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS PILLOT OCASIO,<br><br>Plaintiff,<br><br>v.<br><br>JOSE R. NEGRON FERNANDEZ, et al.<br><br>Defendants. | Civil No. 14-1295 (DRD) |

### OPINION AND ORDER

Pending before the Court are: Defendants' *Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1)* (Docket No. 14) and Defendants' *Motion In Compliance* (Docket No. 26). For the reasons elucidated below, the Court hereby **DISMISSES WITHOUT PREJUDICE** all of Plaintiff's causes of action.

### *I.  Introduction*

On March 2, 2014, Plaintiff Carlos Pillot Ocasio, who is under the custody of the Puerto Rico Department of Corrections and Rehabilitation ("DOC"), filed the instant action (Docket No. 1) claiming that the DOC is wrongly classifying him as a maximum security inmate when he should be classified as a minimum security inmate. Plaintiff has filed numerous reclassification requests, none of which, to this point, have been granted. Plaintiff filed his most recent appeal on February 26, 2014, which, as of August 1, 2014 had not been resolved (Docket No. 19).

1

On June 30, 2014, Defendants filed a *Motion to Dismiss* (Docket No. 14) arguing that the Court may abstain from hearing this case "due to the presence of a concurrent state proceeding for reasons of wise judicial administration." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 818 (1976).

On December 5, 2014, the Court entered an *Order to Show Cause* (Docket No. 22) expressing its inclination to dismiss the case at bar for failure to exhaust administrative remedies under the Prison Reform Litigation Act of 1995 ("PLRA"), 110 Stat. 1321-73, as amended, 42 USC § 1997e(a). The Court was concerned that *Colorado River* abstention was not an appropriate vehicle to dismiss the case at bar. Thus, the Court sought clarification from Defendants regarding "the administrate proceedings available to inmates, the applicability of the PLRA to the case at bar, and the particular stage in the administrative process Plaintiff's case currently lies." *See* Docket No. 22, at 3.

On January 16, 2015, Defendants filed a *Motion In Compliance* (Docket No. 26) seeking dismissal of the instant case for failure to exhaust administrative remedies. In support of their contention, Defendants cite two negative certifications for administrate remedies signed by the DOC. These negative certifications certify that Plaintiff Carlos Pillot Ocasio has never filed a petition for change of custody with the Administrative Remedies Division. *See* Docket Nos. 28-1 and 28-2.

2

To this date, Plaintiff has not opposed Defendants' request for dismissal for failure to exhaust administrative remedies.

## II.   Analysis

The PLRA states, in relevant part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Act's exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances, or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

The applicable administrative remedies are defined not by the PLRA, but by the particular prison's grievance process. *See Jones v. Bock*, 549 U.S. 199, 218 (2007)("[T]o properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules, rules that are defined not by the PLRA, but by the prison grievance process itself.").

The Puerto Rico Department of Corrections has established the Regulation to Address the Applications for Administrative Remedies Filed by Members of the Correctional Population, where the grievance process for inmates in custody is meticulously spelled out. *See* Regulation No. 8145 of January 23, 2012. The regulation

states that an inmate has fifteen (15) calendar days to file a complaint, starting from the day the prisoner comes to know of the facts giving rise to his complaint.

In the instant case, Plaintiff failed to file a request for administrative remedies regarding his allegations in the *Complaint*. The process undertaken by Plaintiff with the Central Classification Committee does not, in and of itself, exhaust the administrate remedies available to inmates housed at the DOC, as all inmates must comply with the requirements set forth in Regulation No. 8145 before filing suit in federal court.  *See* 42 U.S.C. § 1997e(a). Therefore, a dismissal without prejudice is warranted.

### III.    Conclusion

For the reasons elucidated above, the Court hereby **GRANTS** Defendants' *Motion to Dismiss* (Docket No. 14) and *Motion In Compliance* (Docket No. 26).  Plaintiff's causes of action are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 20th day of February, 2015.

/s/ DANIEL R. DOMÍNGUEZ

DANIEL R. DOMÍNGUEZ
U.S. District Judge